LUTHER F. JEWELL, Plaintiff Below, Appellant, v. THE PENNSYLVANIA RAILROAD COMPANY, a corporation of the Commonwealth of Pennsylvania, Defendant Below, Appellee.

THE PENNSYLVANIA RAILROAD COMPANY, a corporation of the Commonwealth of Pennsylvania, Defendant Below, Appellant, v. BEVERLY ANN JEWELL, Plaintiff Below, Appellee.

(*June* 28, 1962.)

(*Reargument denied July* 24, 1962.)

SOUTHERLAND, Chief Justice; WOLCOTT, Justice, and CAREY, Judge, sitting.

*Samuel R. Russell* (of Morford, Young and Conaway) for Luther F. Jewell and Beverly Ann Jewell.

*C. W. Berl, Jr.* (of Berl, Potter and Anderson) for Pennsylvania Railroad Company.

Supreme Court of the State of Delaware, Nos. 7 and 10, 1962.

WOLCOTT, J.:

This is an appeal and cross-appeal consolidated for argument. The appeal is taken by the plaintiff, Luther F. Jewell, from the granting of a motion for a directed verdict against

him on the ground of contributory negligence, and the subsequent denial of his motion for a new trial. The cross-appeal is taken by the defendant, the Pennsylvania Railroad Company, from the denial of its motion for judgment notwithstanding the verdict in favor of Beverly Ann Jewell, widow of Kenneth Jewell, or, in the alternative, for a new trial.

The facts stated in the most favorable light to the plaintiffs are that on April 26, 1960, on a moonless, dark night, Luther F. Jewell was driving his car easterly on Old Landing Road approaching its intersection with the tracks of the defendant's railroad near the Town of Millsboro. His brother Kenneth was riding with him as a passenger. As the Jewell car entered the railroad cossing it was struck in the right side by the defendant's train proceeding in a northerly direction. Luther Jewell was injured. Kenneth Jewell was killed instantly.

As the Jewell car approached the crossing the two brothers were talking about the intended purchase of a car. The headlights of the car were turned on. Its windows were up. The rate of speed of the car was 25 miles per hour. At about 100 feet to the west of the crossing Luther Jewell looked to his right or to the south. He saw no train, nor did he hear any warning of the approach of one. He then looked to his left or to the north, and, again, neither saw nor heard anything. Kenneth Jewell said nothing to indicate that he either saw or heard the approach of a train. Luther slowed the car's rate of speed slightly and proceeded into the crossing. The car was struck by the train. Luther was familiar with the crossing, having traveled over it many times.

The train approaching the crossing from the south consisted of a black locomotive traveling backwards pulling a line of freight cars. Its headlight was lighted and on high beam. About 1000 feet to the south of the intersection the crew commenced the ringing of a bell and whistle. The train was traveling at a speed of 35 miles per hour. The whistle blast

was a series of two long, a short, and a long blast. The last long whistle blast was commenced immediately before the collision. Both the engineer and the fireman looked for cars approaching the crossing but saw none until the train struck the Jewell car.

The crossing has a crossarm warning sign on Old Landing Road about 10 feet to the west. It is black and the lettering is almost obliterated. No gate, watchman, or blinker lights are maintained at the crossing by the defendant to warn of an approaching train. Old Landing Road runs almost due east and west. The defendant's tracks cross Old Landing Road at an angle from southeasterly to northwesterly so that a train running northerly approaches toward a vehicle proceeding easterly on Old Landing Road toward the crossing.

To the south of Old Landing Road and to the west of the crossing, houses line the street set back to a distance of approximately 40 feet. These houses extend to the east to a point about 100 feet west of the tracks. There is also a clump of trees about 12 feet high between the last dwelling and the tracks. We judicially notice that at this time of year these trees could not have been in full leaf.

To the north of Old Landing Road and to the west of the crossing is a gas plant approximately 40 feet from the crossing with a parking lot for trucks to the south. The result is that a motorist's view of the tracks to the north is obstructed until he is almost on the tracks. The lights of the gas plant brightly light up the area of the street and crossing, and cause a glare in the eyes of a driver approaching from the west.

Further reference to the facts will be made in our discussion of certain questions presented by the cross-appellant.

The appeal of Luther Jewell raises one question only for review. It is argued that error was committed in holding as a matter of law that he was guilty of contributory negligence because, viewing the facts in the light most favorable to him,

two or more conclusions were possible with respect to negligence on his part, and therefore an issue was presented which must be resolved by the jury.

The trial judge found Luther Jewell to have been contributorily negligent because he found the following circumstances to be clear from the evidence: first, that he was familiar with the crossing in question; second, that from the west the crossing is open and visible to the south for a distance of at least 100 feet; third, that from the point where he said he looked to his right or in the direction of the train he had an unobstructed view of the tracks; fourth, that, at the time, the headlight of the train was on and its whistle was sounding; fifth, that the angle of the track and the road was such that the train was proceeding toward the plaintiff's car rather than at right angles to it; and, sixth, that Luther Jewell did not see the train.

Upon the basis of these facts, the trial judge ruled that Luther Jewell failed to keep a proper lookout and to see what was plainly there to be seen. He accordingly found him guilty of contributory negligence on the authority of *Tompkins v. Baltimore & Ohio R. Co.*, 7 *Terry* 156, 81 *A.* 2d 288.

It is, of course, true, as appellant argues, that the question of contributory negligence is ordinarily one for the determination of the jury, and not for the decision of the judge as a matter of law. Only when the facts permit reasonable men to draw from them but one inference clearly establishing the negligence of the plaintiff does it become a matter for the decision of the judge as a matter of law. *Floyd v. Lipka*, 1 *Storey* 487, 148 *A.* 2d 541; *Nailor v. Maryland, D. & V. Ry. Co.*, 6 *Boyce* 145, 97 *A.* 418.

In arguing that one possible inference from the facts is that he was not negligent, appellant points out that the night was dark; that there was a brightly lighted area at the crossing which made a glare in his eyes; that the house on his right was only 100 feet from the track; that there was a clump of

trees between the house and the tracks, and that the engine was painted black. With respect to his failure to see the train after looking to his right, appellant argues that this may be explained either by his negligence or because the train was not visible. Thus, he says, an issue of fact is made which must be settled by the jury.

Appellant's argument, however, ignores the fundamental fact that the train, under the circumstances, necessarily was visible to a person looking to his right from the point appellant looked. It is inconceivable that a train with a brightly lighted headlight would not have been seen by a person looking almost directly down the tracks toward it, as the appellant would have looked, due to the angle made by the tracks with the street. It follows, therefore, that either the appellant did not look, as he says he did, or, if he looked, he did not see what was there plainly to be seen. His failure in either respect was negligent. *Tompkins v. Baltimore & Ohio R. Co., supra.* Since that negligence was at least a contributing cause to the accident, judgment was properly entered against him and will be affirmed.

The cross-appellant seeks a new trial as to the plaintiff, Beverly Ann Jewell, widow of Kenneth Jewell. It does not argue that it was not negligent as to Kenneth Jewell, nor that its negligence did not cause his death.[1] It argues that certain rulings in the course of the trial, cumulatively at least, amount to prejudicial error, and, finally, that the verdict should be set aside on the ground that it is excessive. We will state the questions raised in our discussion of them.

First, it is argued that error was committed in excluding from evidence the testimony of a police officer regarding certain skid marks found at the site of the accident.

---

[1]The negligence of Luther Jewell may not be imputed to his passenger, *Bennett v. Barber,* 7 *Terry* 132, 79 *A.* 2d 363, and it is immaterial as to Kenneth unless it was the sole proximate cause of the accident. *Island Express v. Frederick,* 5 *W. W. Harr.* 569, 171 *A.* 181.

The plaintiff, Luther Jewell, testified that he was proceeding at about 25 miles per hour, slowed down as he approached the crossing, and at no time applied his brakes. To contradict this testimony defendant offered to prove by the investigating officer that skid marks 44 feet in length were found at the scene. The police officer, however, testified that he could not say what car had made the skid marks. In addition, a fellow officer testified affirmatively that the skid marks were not made by the Jewell car. Under the circumstances, the testimony was properly excluded.

Second, it is argued that it was error to admit evidence of two prior accidents at the crossing in question. The evidence was offered in support of an allegation in the complaint to the effect that the crossing in question is a peculiarly dangerous one, and that the defendant had failed to maintain adequate safeguards and warnings for the protection of the public. The evidence of the prior accidents, one in 1956 and one in 1957, were admitted on the theory that they put the defendant on notice of the peculiarly dangerous nature of the crossing.

The circumstances of the 1956 accident were that the injured person was operating his vehicle in an easterly direction approaching the crossing (as did the Jewell car), and that at the same time the defendant's train was approaching the crossing in a southerly direction (directly the opposite of the direction the train was moving in the case at bar). Furthermore, the jury found for the defendant, thus presumably exonerating the railroad. In any event, the circumstances are not comparable to those before us.

In the 1957 accident the approach to the crossing of both the vehicle and the train was the same as in the case at bar, but there were at most only slight injuries, or at least no claim for damages was ever pressed against the defendant. It is, therefore, at least open to doubt whether or not this trifling accident was the fault of the defendant or of the driver of the

vehicle involved. We think, under the circumstances, it was notice of nothing.

We accordingly have grave doubt as to the admissibility of this evidence, even in those courts which follow the rule that evidence of prior accidents is admissible to prove that the railroad had notice of the peculiarly dangerous nature of the crossing in question. We entertain this doubt because of the different circumstances of the 1956 accident, and of the trifling and unexplained nature of the 1957 accident. However, we do not rule this evidence as inadmissible upon these grounds for we are of the opinion that evidence of prior accidents in railroad crossing cases is inadmissible under any theory unless the injury complained of was caused by some structural, or other defect, in the crossing, itself.

The question of admitting into evidence proof of prior accidents at railroad crossings has come before other courts on numerous occasions. Even a hasty review of the authorities discloses that the entire field is confused, and demonstrates the lack of unanimity of view. Many of the cases are collected in Annotations at 128 *A. L. R.* 595 and 70 *A. L. R.* 2d 170. From these authorities the courts which have passed upon the question may be grouped roughly into those which (1) admit such evidence as proof of negligence; (2) admit such evidence as proof of the peculiarly dangerous nature of the crossing; (3) admit such evidence as proof that the railroad had notice of the peculiarly dangerous nature of the crossing, and (4) reject such evidence as entirely unrelated to the particular accident and serving no purpose beyond prejudice to the defendant and the raising of collateral issues.

Of the four views we prefer the one which excludes such evidence. We recognize that it is possibly a minority view, but we think it better founded in logic and reason than the other three. It is illustrated by such cases as *Baltimore & Ohio R. Co. v. Moore*, 3 Cir., 13 *F.* 2d 364; *Small v. Pennsylvania R. Co.*, 65 *App. D. C.* 112, 80 *F.* 2d 704; *Interstate*

*Motor Lines v. Great Western Ry. Co.*, 10 *Cir.*, 161 *F.* 2d 968, and *Johnson v. Maine Cent. R. Co.*, 141 *Me.* 38, 38 *A.* 2d 884.

The rationale of the exclusion rule is that every damage case stands upon its own particular facts and the jury's verdict should be reached without the necessity of passing upon other confusing and irrelevant issues. That the admission of such evidence would permit irrelevant issues to creep into the case being tried is apparent when it is considered that if a plaintiff is permitted to show a prior accident, then in common fairness the railroad must be given the right to prove that the accident was not caused by its negligence; that it was the sole fault of the injured person; or that the nature of the crossing had nothing to do with the accident. The jury would be called upon to decide the additional issues of negligence thus created. It is possible that as many collateral issues would be presented as there were accidents proved. A real danger, therefore, exists that the jury might decide the case before them upon the irrelevant issues of fault for a prior accident. Under the circumstances, we think, no matter upon what theory such evidence is admitted, that the only real result of its admission is to prejudice the defendant. On the other hand, no prejudice can result to the plaintiff by its exclusion. We think it best, therefore, to exclude such irrelevant proof.

We recognize that in so ruling we differ with the Federal District Court of Delaware which, in *Dimenco v. Pennsylvania Railroad Co.*, 19 *F. R. D.* 499, held admissible evidence of prior accidents as proof of the dangerous character of the crossing and notice of that fact to the railroad, and with the Court of Appeals for the Third Circuit which, on appeal from the Delaware District Court in *Evans v. Pennsylvania Railroad Co.*, 255 *F.* 2d 205, 70 *A. L. R.* 2d 158, approved the admission of such evidence as proof to the railroad of notice of the dangerous nature of the crossing. We regret the difference of opinion but we think the exclusion rule the better one.

The plaintiff under this point relies strongly upon *District of Columbia v. Armes*, 107 *U. S.* 519, 2 *S. Ct.* 840, 27 *L. Ed.* 618. This case involved injuries sustained by reason of a fall caused by a defective and dangerous condition of a city sidewalk. Evidence of prior accidents by reason of the same defect was admitted. The pleadings put the character of the place of accident in issue by ascribing the only cause of the injuries to that condition. The proof of other accidents was approved by the Supreme Court but, at the same time, the Court recognized the general rule that proof of other accidents is inadmissible when it tends "to introduce collateral issues and mislead the jury from the matter directly in controversy."

We think the *Armes* case is not authority against the application of the exclusion rule in the case before us. The death of plaintiff's husband is not charged to have been caused by a dangerous defect in the crossing *per se,* but is charged to have been caused by the negligent operation of the defendant's train.

We do not intend to be understood, in holding proof of prior accidents in the case at bar inadmissible, as also holding that in actions for injuries *caused by a dangerous defect* in a physical structure, or object, that proof of prior injuries *by reason of the same defect* would be inadmissible. To the contrary, we think that such proof is properly admissible, but that is not the case at bar.

It follows, therefore, that the judgment must be reversed and the case remanded for a new trial as to the plaintiff, Beverly Ann Jewell, for the only result of the improperly admitted evidence must have been prejudice against the defendant railroad, or at least the possibility of such prejudice is so great as to require a new trial.

The cross-appellant's third assignment of error is the instruction to the jury that the plaintiff was required to proceed at a reasonable speed which, it is argued, precluded the

jury from finding that the sole proximate cause of the accident was that the plaintiff exceeded the speed limit which, one of the officers testified, was twenty-five miles per hour.

Since we send this cause back for a new trial we ordinarily would rule on all assignments of error to assist the trial judge at the second trial. With respect to this alleged error, however, we cannot do so for the record is too incomplete for us to make a ruling. It is not clear what speed limit is referred to, and, furthermore, no statute or ordinance fixing such a limit was either pleaded or proved. Under the circumstances, we can be of no assistance.

Since we reverse on other grounds, it is unnecessary for us to consider the argument that the verdict should be set aside as excessive.

The judgment below against Luther Jewell is affirmed, and the judgment below in favor of Beverly Ann Jewell is reversed and the cause remanded for a new trial as to her.