**DISTRICT OF COLUMBIA, a Municipal Corporation, Appellant,**

v.

**Nancy L. FRICK and Greyhound Lines, Inc., Appellees.**

**DISTRICT OF COLUMBIA, a Municipal Corporation, Appellant,**

v.

**GREYHOUND LINES, INC. and Allan Roy Lineberry, Appellees.**

**Nos. 6008, 6009.**

District of Columbia Court of Appeals.

Argued April 10, 1972.

Decided May 26, 1972.

David P. Sutton, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellant.

Harold A. Sakayan, Rockville, Md., with whom Vernon Haas, Oxon Hill, Md., was on the brief, for appellee Frick.

Austin F. Canfield, Jr., Washington, D. C., for appellee Greyhound Lines, Inc. Richard W. Galiher, Washington, D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

These cases arise from a collision between a Metropolitan Police Department station wagon and a Greyhound bus. The principal question raised by appellant District of Columbia is whether the trial court committed reversible error in admitting evidence of numerous prior accidents involving police emergency vehicles. We answer this question in the affirmative and, therefore, we reverse.

Shortly before 7:30 a. m. on October 3, 1968, Officer Oros monitored a call over his police radio reporting a policeman in trouble about one mile from where he was patrolling. Officer Oros activated his siren and flashing red light and proceeded toward the area where the policeman was reportedly in trouble. At the intersection of First and D Streets, the police vehicle collided with a Greyhound bus. The traffic light at the intersection was green in favor of the bus when the collision occurred. As a result of the accident, appellee Frick, a

passenger on the bus, sued Greyhound and the District of Columbia for injuries sustained by her. In a separate suit the District of Columbia sued Greyhound and the driver of the bus for damage sustained by the police vehicle. Greyhound counterclaimed for damage to its bus. The two cases were consolidated for trial.

During the trial, over the objection of the District, Greyhound was permitted to read to the jury certain interrogatories and answers thereto pertaining to numerous other accidents involving police emergency vehicles in the District.[1] This information concerning prior emergency vehicle accidents was admitted into evidence on the theory that it was relevant to the question of whether the District, having had knowledge of such prior accidents, was negligent in failing to amend the existing regulations governing the operation of emergency vehicles.[2] The case was submitted to the jury under instructions permitting recovery on either of two theories: (1) simple negligence of the District in not amending the existing emergency vehicle regulations; (2) gross negligence of the driver of the police vehicle in the instant case. The jury returned verdicts in favor of Frick against the District of Columbia and in favor of Greyhound against the District of Columbia. These appeals followed.

It is elementary that an essential element in any negligence action is causation, i.e., a reasonable causal connection between the act or omission of the defendant and the plaintiff's injury. This connection between defendant's act or omission and plaintiff's injury has traditionally been analyzed in two ways. First, what was the cause in fact of the injury, i.e., all facts or omissions without which the injury would not have occurred? Once it is established that defendant's conduct was in fact one of the

causes of plaintiff's injury, the second question relating to causation arises—was the defendant's conduct (including acts and omissions) the legal (sometimes called proximate) cause of plaintiff's injury, i.e., should the defendant be legally responsible for what he has caused? W. Prosser, Torts §§ 41–42 (4th ed. 1971); Restatement (Second) of Torts §§ 430–432 (1965).

We have repeatedly ruled that questions of causation, negligence, and contributory negligence in automobile collision cases are questions for the jury except in exceptional cases where only one reasonable inference can be drawn from the evidence. Rawlings v. Robbins, D.C.App., 257 A.2d 486, 488 (1969); Singer v. Doyle, D.C. App., 236 A.2d 436, 437–438 (1967); Wilson v. Brame, D.C.App., 228 A.2d 326, 327 (1967). The case at bar, as it relates to the District's failure to amend its regulations, is such an exceptional case. Counsel for appellees conceded before us at oral argument, and the record supports such concession, that if Officer Oros had complied with the existing regulations governing the use of emergency vehicles, i.e., if he had slowed down as was necessary for safe operation before entering the intersection against the traffic light,[3] there would not have been a collision. Thus there is no causal relationship between the District of Columbia's failure to amend the existing regulations and the collision. The existing regulations would have prevented the collision if they had been complied with. This situation is clearly distinguishable from one where there is an allegation that even if existing regulations had been complied with, the collision would have occurred. In the latter case, an examination of the inadequacy of existing regulations and the District's notice of the inadequacy may be relevant to the claim that the failure to

---

1. This evidence indicated that for a two-year period prior to October 2, 1968, there were 106 accidents involving emergency vehicles when on emergency runs plus nine accidents with trees, poles, abutments, or nonmovable objects. (Tr. at 409–10.)

2. District of Columbia Highways and Traffic Regulations, Pt. I, §§ 6, 50 (1971) [hereinafter Traffic Regulations].

3. Traffic Regulations, supra note 2, at § 6 (b) (2).

amend the regulations after notice of their inadequacy was negligence which caused the collision. Even in such a case, it is questionable whether all prior accidents involving emergency vehicles would be admissible. In the instant case, however, since the regulations were concededly adequate to prevent this accident, the evidence of prior accidents involving emergency vehicles was irrelevant and should not have been admitted into evidence. Thus, the only valid claim raised against the District was one based on the negligence of this driver in this collision. Dunn v. Marsh, 129 U.S.App.D.C. 245, 393 F.2d 354 (1968); District of Columbia v. Lapiana, D.C.App., 194 A.2d 303 (1963). The instant cases are clearly distinguishable from those cases which allow the proof of prior accidents to show a dangerous condition or defect and notice thereof as probative evidence of an existing dangerous condition or defect.

Since irrelevant evidence was admitted, we must determine whether it was prejudicial. A review of the authorities convinces us that to admit evidence of prior accidents without a proper foundation was prejudicial error in both cases before us. The prejudice arose in two ways. First, the issues of ordinary negligence of the District for failure to amend its regulations and its liability for gross negligence of its driver would be confusing to a jury, and it is reasonable to conclude that the jury considered the prior accidents in reaching its decision. 2 J. Wigmore, Evidence § 443(2) (3d ed. 1940). Secondly, it is likely that the jury was influenced and inflamed by this mass of irrelevant evidence relating to all accidents involving emergency vehicles, no matter how dissimilar. Jewell v. Pennsylvania R.R., 5 Storey 6, 55 Del. 6, 183 A.2d 193 (1962); Annot., 70 A.L.R.2d 167, §§ 8, 9 (1960); C. McCormick, Evidence § 167 (1954).

In view of our disposition of these cases, we need not reach the other points raised by appellant.

Reversed and remanded for a new trial.