Mary Jean GARDNER,
Plaintiff-Appellant,

v.

SOUTHERN RAILWAY SYSTEMS,
Defendant-Appellee.

Nos. 81–2307, 81–2459.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 26, 1982.

Decided April 22, 1982.

David E. Gray, Bowers, Harrison & Kent, Evansville, Ind., for defendant-appellee.

David V. Miller, Grove, Miller & Krohn, Evansville, Ind., for plaintiff-appellant.

Before CUMMINGS, Chief Judge, POSNER, Circuit Judge, and BARTELS,* Senior District Judge.

PER CURIAM.

Appellant, Mary Jean Gardner, personal representative of the estate of her late husband, Gregory Gardner, appeals from a judgment of the United States District Court for the Southern District of Indiana, Evansville Division (Brooks, J.), after a jury trial in favor of appellee, the Southern Railway Company.

Appellant raises two issues on appeal: (1) whether the district court erred by excluding appellant's evidence of a prior collision through which appellant sought to charge the Railway with notice of a dangerous condition at a railway intersection and (2) whether the district court erred in allowing appellee to amend its answer shortly before trial, denying that the deceased stopped his truck prior to crossing the railroad tracks. On cross-appeal, the Railway claims that the district court's denial of its Motion for Bill of Costs was an abuse of discretion. We affirm as to the issues raised by the appellant and reverse and remand for further proceedings as to the issue raised by the Railway.

This action arises out of a fatal collision involving the deceased, Gregory Gardner, which occurred at a railway crossing at approximately 9:45 A.M. on February 24, 1978 in Pike County, Indiana while deceased was driving an empty coal-hauling truck north in Pike County Road 100 West. While crossing the railroad's tracks at the junction of County Road 100 West, he was struck and killed by a westbound Southern Railway Company train, consisting of three engines, one car and a caboose.

* Of the United States District Court for the Eastern District of New York.

In her complaint, filed February 4, 1980, appellant claimed that at the time of the accident, the Railway was negligent in failing to maintain its crossing so as to provide decedent with an unobstructed view of the Railway's tracks as required by Indiana Code 8–6–7.6–1. The testimony of the officer in charge of investigating the accident, ex-State Trooper Davis, established that at the time of the collision deceased did not have the sight distance required by the Indiana Code because of trees, brush and undergrowth which obstructed his view.

Sometime following the February 24, 1978 collision, through discovery proceedings, appellant discovered that on November 30, 1976, another fatal collision involving the Railway's train and a truck had occurred at the same crossing. An examination of photographs taken at the time of that collision revealed that the physical conditions at the time were essentially the same as those on February 24, 1978. The Indiana State Police Accident Report made of that prior accident disclosed that the accident occurred under substantially the same circumstances as the collision involving the deceased. However, on April 18, 1981, the Railway filed a Motion in Limine requesting the court to exclude all evidence of the prior collision. On April 15, 1981, appellant filed its Memorandum in Opposition to this Motion maintaining that by reason of the prior accident, the Railway was charged with notice of the extra-hazardous conditions at the crossing fifteen months before the collision involving the deceased. At its final pre-trial conference on June 12, 1981, the Court granted the Railway's Motion in Limine.

At trial, appellant offered to prove notice to the Railway of a dangerous and hazardous condition by other means such as photographs of the crossing taken on the day of the prior accident and the testimony of the two Indiana State Police Officers who investigated the prior accident. The photographs and the testimony of both officers with respect to their investigation of the collision were excluded. The Court did, however, permit one officer to testify (without being identified as a police officer) to the fact that he had been at the crossing prior to the subject collision and to relate what he had observed.

We refer now to the second issue raised by appellant. In its original answer, filed March 6, 1980, the Railway admitted that the deceased stopped his vehicle at the fatal intersection. Additionally, on April 15, 1980, the Railway filed a Request for Admissions in which it asked appellant to admit that the deceased had stopped his vehicle at the critical intersection. Nevertheless, on May 15, 1981, the final day of discovery, the Railway moved the court for leave to amend its answer to raise as a factual question the issue of whether or not the deceased had stopped his truck prior to attempting to cross the railroad tracks.

There was other evidence concerning the stop at the railroad crossing on the day of the collision. The Railway's employee, Gordon Byrd, obtained a tape-recorded statement from a witness, Randal Lewis, who was driving a vehicle a short distance behind the deceased at the time of the accident. At that time, Lewis said that he saw no taillights go on in the rear of the deceased's truck. This statement was used by the Railway to impeach Lewis at trial. The tape recording had never been turned over to appellant during discovery although it was submitted to the jury with appellant's consent.

Our final consideration is the Railway's cross-appeal. A Bill of Costs was filed by the Railway on July 9, 1981, wherein it requested that certain expenses amounting to Two Thousand Nine Hundred Fifty-one Dollars and Sixty-five Cents ($2,951.65) incurred by the Railway in connection with the trial be taxed to the appellant. Appellant filed her Objection to the demand for Taxation of Costs and Memorandum in Support of her Objections thereto, on July 15, 1981. The Railway's Reply to Plaintiff's Objection to Taxation of Costs was filed on July 24, 1981. No other pleadings were filed on this issue and no hearing was held. On August 3, 1981, the district court issued an order denying the Railway's motion for

Bill of Costs. But the order contained no finding that the Railway had been guilty of any misconduct or that appellant was indigent. Accordingly, the Railway cross-appealed the denial of its Bill of Costs pursuant to 28 U.S.C. § 1291.

## PRIOR ACCIDENT

■ We agree with appellant's interpretation of the law applicable to prior accident evidence in railroad collision cases. A railroad can be found negligent not only in the manner in which it operates its trains, but also because it failed to take adequate precautions at a grade crossing which it knew or should have known to be extra-hazardous. *Stevens v. Norfolk & W. Ry. Co.*, 171 Ind.App. 334, 357 N.E.2d 1, 4 (1977); *see also Menke v. Southern Railway Company*, 603 F.2d 1281 (7th Cir. 1979). Evidence of prior accidents which occurred at that crossing under similar conditions may be admitted to show that the railroad had prior knowledge that a dangerous and hazardous condition existed.[1] *New York Central Railroad Co. v. Sarich*, 133 Ind.App. 516, 180 N.E.2d 388, 398 (Ind.App.Ct.1965); 5A Personal Injury § 1.05[1][j], pp. 124–27. Moreover, as the Third Circuit and other circuits suggest, it is appropriate to relax the requirement of similar conditions when the offer of proof is to show notice of the dangerous character of the crossing rather than defendant's negligence. *Evans v. Pennsylvania Railroad Co.*, 255 F.2d 205, 210 (3rd Cir. 1958); McCormick, Evidence (Horn Book Series), p. 352; compare *McCormick v. Great Western Power Co.*, 214 Cal. 658, 8 P.2d 145, 81 ALR 678 (1932); *City of Taylorville v. Stafford*, 196 Ill. 288, 63 N.E. 624 (1902).

The controlling principle in cases of this type, however, appears in Rule 403 of the Federal Rules of Evidence, reading:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Unless we find, therefore, that the district court abused its discretion in excluding the evidence, we must affirm. *United States v. Catalano*, 491 F.2d 268, 274 (2nd Cir.), *cert. denied*, 419 U.S. 825, 95 S.Ct. 42, 42 L.Ed.2d 48 (1974); *Shepard v. General Motors Corp.*, 423 F.2d 406, 408 (1st Cir. 1970).

■ Judge Brooks undoubtedly considered many factors including photographs in rendering his decision. First, conditions and surrounding circumstances at the crossing at the time of the prior accident on November 30, 1976, were different, at least in some respects, from those which existed on February 24, 1978. Second, because no action was ever brought nor any claim filed on behalf of the previous decedent, it is not known whether conditions at the crossing or decedent's own negligence were responsible for the 1976 accident. That no action was ever brought may suggest the latter. Third, notwithstanding the ambiguity surrounding the prior accident, the jury might infer from evidence of the prior accident alone that ultra-hazardous conditions existed at the site and were the cause of the later accident without those issues ever having been proved. In any case, the district court permitted appellant to present testimony that the conditions which existed at the crossing at the time of the February 24, 1978 collision had been evident some time before. Thus the dangerous conditions were presented in a non-prejudicial manner. These facts could certainly lead a reasonable person to conclude that the danger of prejudice and delay from admitting such evidence would substantially outweigh its probative value. Under these circumstanc-

[1.] In a number of jurisdictions, before evidence of prior accidents is admissible to show notice, it must be shown that a specific physical or structural condition of the crossing was a proximate or contributing cause of the present collision. 5A Personal Injury § 1.05[1][j], pp. 126–27; *see Jewell v. Pennsylvania R.R.*, 55 Del. 6, 183 A.2d 193 (1962); *So. Pac. R.R. v. Watkins*, 83 Nev. 471, 435 P.2d 498 (1967); *So. Pac. R. R. v. Harris*, 80 Nev. 426, 395 P.2d 767 (1964).

es, we find no abuse of discretion in excluding this evidence.[2]

## THE AMENDED ANSWER

■ Appellant asserts that the district court erred in allowing the Railway to amend its answer shortly before trial to the prejudice of the appellant and despite undue delay, bad faith and dilatory motive on the part of the Railway. Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend his or her pleading more than twenty days after it is served "only by leave of court or by written consent of the adverse party: and leave shall be freely given when justice so requires."

In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the leading case upon this question, the Supreme Court stated:

> If the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely granted."

Of course, the Court added, "the grant or denial of an opportunity to amend is within the discretion of the District Court ...." *Id.*

The Railway pleaded contributory negligence in its original answer and so alerted appellant to the possibility that an argument would be made as to the non-stop. The Railway filed its motion for leave to amend its answer only once it became apparent both that eyewitness Lewis intended to change the story he had originally told the Railway and that appellant had no unimpeachable testimony of deceased's stopping. Appellant filed her own series of motions[3] at the eleventh hour. In any event, appellant was left with at least twenty-six days following the Railway's motion in which to respond, which would seem to have been more than sufficient since appellant knew of all the possible eyewitnesses. Under these circumstances, the district court's decision seems perfectly reasonable.

Appellant also asserts that appellee should have been bound by its admission regarding the deceased's stopping contained in its own Request for Admissions. Rule 36(b) of the Federal Rules of Civil Procedure indeed provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." The rule continues:

> Subject to the provisions of Rule 16 governing amendments of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and any party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

■ Although the Railway never sought to amend this particular admission, it did seek and obtain leave to amend its answer following the last pre-trial conferences de-

---

**2.** In *Young v. Illinois Central Gulf R. R. Co.*, 618 F.2d 332 (5th Cir. 1980), there are so many other rulings constituting abuses of discretion that the case can hardly support the proposition that the simple failure to admit prior accident testimony was itself an abuse.

**3.** Appellant's Specifications of Negligence and witness lists were filed seven days prior to the original trial date of March 23, 1981 instead of January 15, 1981, as was requested by the court, forcing appellee to seek a continuance.

Appellant's Motion for Leave to Add Additional Witnesses and Exhibits, the first clear indication that appellant intended to offer prior collision evidence, was filed ten days before the rescheduled trial date of April 13, 1981. On May 15, 1981, the last day of discovery before the yet rescheduled trial date of June 15, 1981, appellant added an additional Specification of Negligence. Finally, during trial appellant again moved to amend her allegations to conform to her evidence.

nying that a stop was made by the deceased. The purpose of Rule 36 is to permit the person obtaining the admission to rely thereon in preparation for trial. *Compare Moosman v. Blitz*, 358 F.2d 686 (2d Cir. 1966). There is no way in which appellant in this case could have relied on such admission to her prejudice in view of the amendment to the Railway's answer as permitted by the court. Under the circumstances of this case, permission to amend the answer was tantamount to permission to withdraw the admission.

### THE CROSS–APPEAL

■ On cross-appeal, the Railway asserts that the district court's denial of its Bill of Costs, without finding either that appellee was guilty of some misconduct or that appellant was indigent, was an abuse of discretion. Rule 54(d) of the Federal Rules of Civil Procedure[4] creates a presumption that the prevailing party is entitled to costs. *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959); 10 C. A. Wright and A. R. Miller, Federal Practice and Procedure, Civil, § 2668 at 142 (1973). To overcome that presumption the losing party must show something more than mere good faith on its part. *Popeil Brothers, Inc. v. Schick Electric, Inc.*, 516 F.2d 772, 776 (7th Cir. 1975). We have no evidence of such a showing here. Moreover, the district court failed to explain why it denied appellee's Bill of Costs.

> When a trial court refuses to award costs to the prevailing party, it should state its reasons for such disallowance. Unless an appellate court knows *why* a trial court refused to award costs to the prevailing party, it has no real basis upon which to judge whether the trial court acted within the proper confines of its discretion. *Walters v. Roadway Exp., Inc.*, 557 F.2d 521 (5th Cir. 1977).

*Serna v. Manzano*, 616 F.2d 1165, 1168 (10th Cir. 1980).

**4.** Rule 54(d) of the Federal Rules of Civil Procedure reads:

> Except when express provision therefor is made either in a statute of the United States

Judgment affirmed except as to costs and remanded for a redetermination of costs and findings in case of disallowance.

or in these rules, costs shall be allowed as of course to the prevailing party *unless the court otherwise directs* ... (emphasis added).