**Herbert F. McGILL, Plaintiff,**

v.

**Gordon H. FAULKNER,
et al., Defendants.**

**No. S85-70 (RLM).**

United States District Court,
N.D. Indiana,
South Bend Division.

July 22, 1992.

---

Donald W. Pagos, Frank Parkerson, Michigan City, Ind., for plaintiff.

David Arthur, Thomas Quigley, Deputy Attys. Gen., Indianapolis, Ind., for defendants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

The defendants in this action seek relief from the judgment entered on September 20, 1990, awarding plaintiff Herbert McGill costs and attorney fees in the amount of $39,654.91 pursuant to 42 U.S.C. § 1988. The defendants also seek an award of the costs incurred on appeal and sanctions pursuant to Fed.R.Civ.P. 11. Mr. McGill asks the court to enter judgment on the pendent state law negligence claim upon which the jury returned a verdict in Mr. McGill's favor.

### Motion for Relief from Judgment

Following the judgment in Mr. McGill's favor and the denial of motions to stay in this court and the Court of Appeals, the defendants deposited $40,778.11 with the clerk of the court to satisfy the judgment and interest. These funds were disbursed to Mr. McGill's counsel on March 12, 1991.

On September 17, 1991, 944 F.2d 344, the Court of Appeals reversed the judgment of the defendants' liability that formed the basis for the award of costs and attorney fees. The defendants ask the court to order restitution of the funds disbursed on March 12, 1991, and the interest accrued from that date until payment at a fluctuating interest rate.

The defendants claim that because Mr. McGill no is longer the prevailing party under 42 U.S.C. § 1983, he is not entitled to attorney fees under § 1988. In *Mother Goose Nursery Schools, Inc. v. Sendak*, 770 F.2d 668, 675–76 (7th Cir.1985), *cert. denied*, 474 U.S. 1102, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986), the Seventh Circuit reversed the summary judgment in the plaintiff's favor, and determined that the attorney fees award under § 1988 must therefore be vacated. To leave a § 1988 award intact after a reversal of a § 1983 judgment would be an abuse of discretion if the party seeking relief from the § 1988 award sought relief from judgment under Fed. R.Civ.P. 60(b) within a reasonable time after the reversal of the § 1983 decision. *Mother Goose Nursery Schools v. Sendak*,

770 F.2d at 676. *See also Palmer v. City of Chicago*, 806 F.2d 1316, 1323–24 (7th Cir.1986), *cert. denied*, 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 836 (1987); *Harris v. Pirch*, 677 F.2d 681, 689 (8th Cir.1982) ("The district court's grant of attorney's fees is nullified by this reversal."). The defendants argue that to allow Mr. McGill's counsel to retain the fees after the Seventh Circuit reversed the judgment would constitute unjust enrichment.

Mr. McGill argues that once a judgment is paid and satisfied, it is extinguished for all purposes, citing 49 C.J.S. *Judgments* § 577. Although *Mother Goose Nursery Schools v. Sendak*, 770 F.2d 668, treats Rule 60(b) as an appropriate remedy, it does not state whether the fees had been paid before the fee award was vacated. Mr. McGill claims that the defendants could have appealed the fee award, or they could have declined to pay the judgment until the appeal process was exhausted, but having satisfied the judgment and not appealing the award, the defendants have foreclosed other relief.

The defendants note that Mr. McGill took a different position when the Seventh Circuit considered the defendants' motion to stay. Mr. McGill stated in response to the motion to stay, "If the Defendants would in fact pay the judgment awarding costs and attorneys fees and the principal case were overruled by this Court, the judgment would simply be repaid to the Defendants." Now that the Court of Appeals has reversed the district court's judgment, Mr. McGill has not repaid the defendants.

The defendants also note that the C.J.S. passage Mr. McGill cites is followed by § 578, *Recovery of Payments*, which states in part, "The restitution of money paid where a judgment is reversed is considered in the title Appeal and Error §§ 1980–1985." As 5B C.J.S. *Appeal and Error*, § 1980 states:

> Generally, a successful litigant on appeal has a right to restitution of benefits received by his adversary at the expense of the successful litigant under color of an erroneous judgement or decree. Accordingly, although the merits of the controversy between the parties may in no way be determined thereby, the reversal of a judgment or decree gives rise to a right in favor of the party who has lost money or property by reason of the judgment or decree to have restitution made thereof, and a corresponding duty or obligation on the part of the party who has received the benefits of the money or property to make the restitution to the adverse party.

> * * * * * *

> Although it has been held that if a judgment is reversed it is the duty of the court to restore the parties to their rights, it has also been held that it is within the discretion of the court to deny restitution where justice or equity does not require it. Hence, the power to compel restitution may not be exercised where there is another sufficient and available remedy, where the party in possession of the money or property in question is equitably entitled to retain it, or where the money has been paid or property taken otherwise than in pursuance of the judgment or decree which has been reversed.

Therefore, it appears that payments made in satisfaction of a judgment may be repaid if the judgment is reversed. *Palmer v. City of Chicago*, 806 F.2d at 1323, and *Mother Goose Nursery Schools v. Sendak*, 770 F.2d at 676, indicate that if Mr. McGill's counsel were allowed to retain the funds disbursed to him pursuant to the § 1988 award, he would be unjustly enriched. The cases make no distinction between awards that are paid and those that are not. Accordingly, the defendants are entitled to repayment of the fees paid pursuant to § 1988.

The defendants claim that their motion for relief from judgment was filed within a reasonable time. The Seventh Circuit's mandate issued on October 31, 1991, and the motion was filed within the 90–day period allowed by District Rule 43, which provides: "Following a final decision of the court, except as otherwise provided by statute or rule, parties shall have ninety (90) days in which to file requests for taxing

costs and requests for attorney fees." The motion for relief from judgment is timely, as it was filed within a reasonable time after the Seventh Circuit's decision.

The defendants ask the court to order the payment of interest accrued during the time Mr. McGill's counsel had use of the fees, and argue that the proper measure of interest is the fluctuating rate equal to the coupon issue yields of the average accepted auction prices for the auctions of 52–week Treasury bills held during the time Mr. McGill's counsel retained the funds, under 28 U.S.C. § 1961. Mr. McGill does not dispute the interest rate or entitlement to interest. Therefore, the court will direct that Mr. McGill repay to the defendants the sum of $40,778.11, with interest at the rate of 4.41 percent per annum.

### Petition for Costs

█ The defendants petition for an award of costs pursuant to 28 U.S.C. § 1920, Fed.R.Civ.P. 54(d), Fed.R.App.P. 39(d) and (e), and District Rule 43. The October 31, 1991 Court of Appeals mandate included appellate costs in the amount of $1,012.00.

A prevailing party is entitled to recover the costs of court reporters' fees for the transcripts necessarily obtained and the fee for filing the notice of appeal. 28 U.S.C. § 1920, Fed.R.App.P. 39(e). The defendants submitted an affidavit stating that they have incurred costs in the amounts of $238.50 for the transcript of Mr. McGill's deposition used at trial, $1,959.00 for the trial transcript used on appeal, and $5.00 for filing the notice of appeal.

The defendants note that Mr. McGill did not prosecute this case *in forma pauperis* or seek appointment of counsel. Because he is incarcerated, the defendants ask the court to empower the Indiana Department of Correction to freeze Mr. McGill's inmate trust account to enable them to recover their costs.

Mr. McGill asks the court to deny the defendants' petition for costs because he is indigent and because he prosecuted this case in good faith. Fed.R.Civ.P. 54(d) provides for the payment of costs to the pre-vailing party "unless the court otherwise directs." Mr. McGill argues that an award of costs is discretionary, and the court may deny costs if it gives a reason for its denial.

█ Fed.R.Civ.P. 54 creates a presumption that the prevailing party should recover costs, and that presumption is not overcome merely by the losing party's showing of good faith in prosecuting the action. *Gardner v. Southern Railway Systems,* 675 F.2d 949, 954 (7th Cir.1982); *Popeil Brothers, Inc. v. Schick Electric, Inc.,* 516 F.2d 772, 776 (7th Cir.1975). The defendants note that there is no evidence that Mr. McGill is indigent.

The court finds nothing to overcome the presumption that Mr. McGill should pay the defendants' costs in the amount of $3,214.50, which represents the amount included in the mandate and the items set forth in the petition for costs.

### Motion to Enter Judgment

█ Mr. McGill asks the court to enter judgment on the state law negligence claim upon which the jury returned a verdict in his favor. Following trial, the court entered judgment on the Eighth Amendment claim alone, deciding that entering judgment on both claims would be duplicitous. Now that the Seventh Circuit has reversed the judgment on the Eighth Amendment claim, judgment on the negligence claim would not be duplicitous.

Mr. McGill acknowledges that the Seventh Circuit addressed the negligence claim in its opinion reversing the judgment, but claims that the Court lacked jurisdiction over the negligence claim because no judgment had been entered. The defendants claim that the Seventh Circuit was addressing the propriety of a judgment in Mr. McGill's favor on the negligence claim.

Mr. McGill raised the negligence issue in his cross-appeal and in his petition for writ of certiorari. The Court of Appeals addressed the issue at length and determined that Mr. McGill's conduct constituted incurred risk and precluded recovery on his negligence claim. *McGill v. Duckworth,* 944 F.2d 344, 351–53 (7th Cir.1991), *cert.*

*denied,* —— U.S. ——, 112 S.Ct. 1265, 117 L.Ed.2d 493 (1992).

Courts of appeal have jurisdiction of appeals from "final decisions" of district courts. 28 U.S.C. § 1291. It appears that the Seventh Circuit treated this court's decision not to enter judgment on the negligence claim as a final decision of this court. It also appears that the Seventh Circuit's discussion of the negligence issue was not mere dicta. Judge Easterbrook stated that "[Mr. McGill's] objection to the district court's decision to enter judgment for $10,-000 on the eighth amendment claim alone, is of no moment given our conclusion that he cannot recover under either [the eighth amendment or the negligence] theory." *McGill v. Duckworth,* 944 F.2d at 353. It is not the office of a district court to question a reviewing court's jurisdiction after the fact. Therefore, the court will decline to enter judgment on the negligence claim.

## *Motion for Sanctions*

■ The defendants ask the court to sanction Mr. McGill for filing his response to the motion for relief from judgment, response to the petition for costs, and the motion to enter judgment. The defendants claim that these filings are frivolous and have caused the defendants to expend unnecessary time and effort in violation of Fed.R.Civ.P. 11.

Fed.R.Civ.P. 11 provides:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay and needless increase in the cost of litigation.

As to the responses to the motion for relief from judgment and the petition for costs, the defendants claim that they are not well-grounded in existing law or fact; that they contain no argument for extending, modifying, or reversing existing law; and have had the single effect of delaying payment of costs and repayment of fees. The defendants claim that Mr. McGill is further increasing the delay and cost of this litigation by filing the motion to enter judgment, and the assertions in that motion are contrary to Mr. McGill's representations to the Court of Appeals and the Supreme Court.

The defendants claim that Mr. McGill's counsel did not conduct a reasonable inquiry as required by Rule 11, and it was unreasonable to argue that the payment of fees should foreclose an order for relief from judgment when the defendants had cited five "manifestly contrary" decisions, when Mr. McGill's sole authority, the C.J.S. citation, supported the defendants' argument in the ensuing section, and when Mr. McGill's counsel had stated that the attorney fees would be returned if the Seventh Circuit reversed the judgment in Mr. McGill's favor.

The defendants argue that the effect, and perhaps the purpose, of the filings was to delay the return of fees and payment of costs. They suggest that a reasonable sanction would be attorney fees for the time spent responding to the filings and double interest on the fees retained since January 2, 1992, when the request for stay was filed.

Although the court does not agree with Mr. McGill that the Seventh Circuit lacked jurisdiction over the negligence claim, the court does not find Mr. McGill's argument on the negligence claim implausible or sanctionable. The court also does not find Mr. McGill's arguments as to the attorney fee issue frivolous. The authorities cited by the defendants support the defendants' position but do not make it clear whether payment had been made, and contain no indication whether payments made long before the appellate decisions would have changed the court's view of the equities in

those cases. Therefore, although the court agrees with the defendants that the attorney fees should be repaid to the defendants, the court does not find Mr. McGill's responses to the motion for relief from judgment or the petition for costs sanctionable.

### Conclusion

For the foregoing reasons, the court hereby:

(1) GRANTS the defendants' motion for relief from judgment, and directs plaintiff's counsel to repay the defendants the sum of $40,778.11, with interest at the rate of 4.4 percent per annum;

(2) GRANTS the petition for costs, and awards the defendants the costs they incurred on appeal, in the amount of $3,214.50, with all interest due, and authorizes the Indiana Department of Correction to freeze Mr. McGill's inmate trust account to secure payment of this sum;

(3) DENIES the plaintiff's motion to enter judgment on the negligence claim; and

(4) DENIES the defendants' motion to impose sanctions.

SO ORDERED.