NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1210
_____

JOHN C. (JACK) BOYLE,

Appellant

v.

UNITED STATES OF AMERICA;
U.S. PATENT AND TRADEMARK OFFICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 08-cv-05700)

District Judge: Honorable Dennis M. Cavanaugh
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 9, 2010

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges

Opinion filed: August 16, 2010

_____

OPINION
_____

PER CURIAM

Appellant John C. Boyle appeals an order of the District Court granting the

defendants – the United States of America and United States Patent and Trademark Office – summary judgment on Boyle's claim of negligence. For the following reasons, we will affirm.

In 2006, Boyle filed a patent infringement case in United States District Court for the District of New Jersey against Molson Coors Brewing Company and Price Waterhouse Coopers, LLP, seeking to enforce U.S. Patent No. 6,073,116 ("Boyle's '116 Patent"). Entitled "Crossfund Investment Process," Boyle's '116 Patent involves processes and methods, which can be used by investors to obtain mutual funds in a foreign currency and avoid initial currency conversion costs by swapping rights with a willing co-investor in another country. Boyle's patent infringement action concerned a transaction made in connection with Molson's purchase in 2002 of Bass Brewers, a United Kingdom brewer ("the Carling acquisition"). See Boyle v. Molson Coors Brewing Co., 2007 WL 2688908 (D.N.J. September 11, 2007). During the course of the litigation, Boyle requested a certified copy of his patent file from the Patent and Trademark Office ("USPTO") for use in the case. The USPTO in response provided Boyle with a certified copy of the file for the '116 Patent, and subsequent certified copies. The defendants in the 2006 case moved for summary judgment, and attached exhibits to the motion, including Boyle's original patent application. That original application contained a two-page written description of his cross-fund investment process and ten pages of drawings but no computer code.

2

The District Court granted summary judgment to the defendants Molson and Price Waterhouse in the 2006 action, concluding that they did not infringe Boyle's '116 Patent. See id. at * 7 ("The alleged transaction did not utilize anything that approaches Boyle's claimed invention."). The court determined that each claim of patentable processes in the '116 Patent included the express limitation of investment in "mutual funds," but the Carling acquisition did not use mutual funds or any other investment vehicle. See id. The court further determined that the doctrine of equivalents did not apply.[1] In the alternative, the court determined that the patent was invalid for want of invention and as anticipated by prior art. Id. at * 8 (Boyle did not invent the "fixed-fixed" currency swap used in the Carling acquisition). In addition, although Boyle argued at some subsequent point that he attempted to incorporate a computer code into his application, his attempts to amend or include new matter were invalid under 35 U.S.C. § 132(a). See id. The court held that the claims of the '116 patent were invalid under section 132(a) because they necessarily relied on new matter for support that was added after the application was initially filed. See id.

Boyle appealed, but his appeal was dismissed as untimely filed by the United States Court of Appeals for the Federal Circuit. Boyle had filed a document entitled

_____

[1] "The doctrine of equivalents allows a plaintiff to establish ... that a claim element, though not literally present, is nevertheless met by demonstrating that the missing element has been replaced by a structure that performs the same function in the same way to achieve the same result as the claim element in the patented device." Id. at * 5 (citing Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 35 (1997).

"Intent to Appeal" in the district court three days after the deadline for filing a notice of appeal, Fed. R. App. Pro. 4(a)(1)(A) (providing for thirty day appeal period). Much later he filed an actual notice of appeal. The Federal Circuit held that, even if the "Intent to Appeal" document was construed as a notice of appeal, it was not filed within the time limit and thus the appeal was untimely filed.

Following the dismissal of his patent infringement case, Boyle filed an administrative claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., with the Patent and Trademark Office. Boyle asserted that the certified copy, and subsequent certified copies, supplied to him during the patent infringement litigation did not contain a computer code that he previously had submitted for inclusion in the patent file. Boyle argued that the omission of the computer code occurred due to the negligence of the USPTO and caused him to lose his case. Boyle sought $10,000,000 in damages. The USPTO denied the claim in its entirety, and the instant action filed in New Jersey federal district court followed.

The USTPO and United States moved for summary judgment on the negligence claim, asserting that Boyle could not establish a necessary element of his claim, namely that the alleged failure to provide him with a full patent file caused him injury. The District Court agreed, and granted summary judgment to the defendants. As a threshold matter, the court determined that Boyle was collaterally estopped from relitigating the issues in his patent infringement case. See Davis v. U.S. Steel Supply, 688 F.2d 166, 174

4

(3d Cir. 1982). See also Allen v. Curry, 449 U.S. 90, 94 (1980). The court then reasoned that it had previously determined in the patent infringement case that the challenged transaction was qualitatively different than those described in the '116 patent, and thus the '116 Patent was not infringed. All of the claims in the '116 Patent required investment in mutual funds, but the allegedly infringing transaction did not use mutual funds or any other investment vehicle. Therefore, any negligence on the part of the USTPO in failing to provide Boyle with a full and complete copy of the file could not have caused him to lose his case. In the alternative, the court had determined in the 2006 case that the patent was unenforceable as invalid; the multistage transaction used in the Carling acquisition, in which a currency swap was used to hedge foreign currency fluctuation risks, was public knowledge long before March 7, 1996.[2] In light of the invalidity of Boyle's patent claims covering the transaction at issue, no alleged negligence on the part of the USTPO could have caused him to lose his case.

Boyle appeals. We have jurisdiction under 28 U.S.C. § 1291. Boyle contends on appeal that the District Court denied the "facts" of USTPO's duty and clear breach of that duty, see Appellant's Brief, at 3, and thus the court's summary judgment decision is undermined. Boyle asserts:

> The opinion ... fails to state that 3 "certified copies" were missing at least 72 pages, including the code, when compared with the 1st copy, which was destroyed by the defendants, which the magistrate judge forced [me] to turn

---

[2] Boyle first filed for the patent in question on March 7, 1997.

5

over, despite objections that the copy was work matter, and [I] paid $225 for the copy ....  The opinion also fails to show that the USTPO ... could not explain [the code's] absence or the missing pages between the 1st and subsequent copies....  There is so much missing from the file besides the code, that clearly negligence is demanded for failing to halt certifying copies the USTPO knew was misleading and non-factual.

Appellant's Informal Brief, at 4-5.  In addition to arguing that summary judgment was not proper, Boyle argues that the District Court was biased and "used a document in the original case that was totally false and non-reflective of the actual file history."  Id. at 6-7.  In addition, Boyle contends in his brief on appeal that the District Court's determination in the patent infringement action concerning the invalidity of the '116 Patent was flawed.  See id. at 7-8.

We will affirm.  Our review of the District Court's grant of summary judgment is plenary and we must affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. Pro. 56(c) (effective through November 30, 2009).[3]  A genuine issue of material fact is one that could change the outcome of the litigation.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  "Except for certain areas of tort law specifically excluded, the Federal Tort Claims Act was enacted to provide a

---

[3] Rule 56(c) was amended effective December 1, 2009, and continues to provide that: "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. Pro. 56(c)(2).

judicial remedy for those who suffer injury or damage as a result of the negligence or misconduct of an employee of the United States." Gibson v. United States, 457 F.2d 1391, 1394 (3d Cir. 1972). In both the District of Columbia and New Jersey, where the alleged negligent act could only have occurred, see 28 U.S.C. § 2674, to establish negligence a plaintiff "must prove a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach." District of Columbia v. Harris, 770 A.2d 82, 87 (D.C. 2001); Siddons v. Cook, 887 A.2d 689, 696 (App. Div., N.J. Super. Ct. 2005) (negligence claim requires plaintiff to establish a duty owed to plaintiff by defendant, a breach of that duty, and an injury caused by defendant's breach).

In Boyle's case, the District Court assumed, without deciding, the existence of a duty owed by the USTPO to Boyle and a breach of that duty. However, causation also is an essential element of a negligence claim. District of Columbia v. Frick, 291 A.2d 83, 84 (D.C. 1972) ("It is elementary that an essential element in any negligence action is causation, i.e., a reasonable causal connection between the act or omission of the defendant and the plaintiff's injury."); Dawson v. Bunker Hill Plaza Assoc., 673 A.2d 847, 855 (App. Div., N.J. Super. Ct. 1996) (same). The District Court determined that Boyle could not show that there was any genuine dispute about causation. Under Rule 56(c), the moving party must show that there is an absence of evidence to support the nonmoving party's case. Once the moving party has met this burden, the nonmoving

7

party may not rest upon his allegations and arguments, see Anderson, 477 U.S. at 249; rather, the nonmoving party must "set out specific facts showing a genuine issue for trial," Fed. R. Civ. Pro. 56(e)(2). A plaintiff cannot avoid summary judgment with speculation; he must provide competent evidence from which a rational trier of fact can find in his favor. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

Once the defendants met their burden, Boyle had to provide competent evidence that the alleged missing parts of the patent file caused him to lose his patent infringement case. He supplied no such evidence in the proceedings below and raises no persuasive arguments in his brief on appeal concerning the causation issue. The District Court's decision in Boyle v. Molson Coors Brewing Co., 2007 WL 2688908, does not indicate that the computer code was a determinative factor in the decision to grant summary judgment to Molson and Price Waterhouse. The determinative factors were that all of the claims in the '116 Patent required investment in mutual funds but the allegedly infringing transaction did not use mutual funds or any other investment vehicle; the '116 Patent was unenforceable as invalid because the allegedly infringing conduct, use of a currency swap, had been occurring long before Boyle claimed to have invented it; and Boyle's attempts to include new matter with his patent were invalid under section 132(a) ("No amendment shall introduce new matter into the disclosure of the invention).

Boyle contends that the District Court erred in declaring the '116 Patent invalid,

but, just as the District Court explained, Boyle was collaterally estopped from relitigating that issue in the FTCA negligence action, see Davis, 688 F.2d at 174, and we lack jurisdiction to consider the correctness of the District Court's decision in Boyle v. Molson Coors Brewing Co., 2007 WL 2688908, or any of its rulings in that case. Federal Rule of Appellate Procedure 4(a)(1)(A) provides that a notice of appeal be filed within 30 days after entry of judgment. The Federal Circuit determined that Boyle's appeal was late, and he thus may not have review of the District Court's patent invalidity determination. The time periods prescribed for filing a notice of appeal in a civil case are mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 213 (2007).

Last, Boyle challenges the impartiality of the District Court. We have reviewed the entire record and conclude that there is no basis for reasonably questioning the District Court's impartiality, 28 U.S.C. § 455(a). With respect to 28 U.S.C. § 144, Boyle did not file an affidavit as required by the statute. We also conclude that the District Court did not abuse its discretion in the management of discovery in this case, see In re: Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (matters of docket control and conduct of discovery are committed to the sound discretion of the district court).

We will affirm the judgment of the District Court granting summary judgment to the defendants.